UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHEL ROBERTSON,

        Plaintiff,      :

v.                           Case No. 2:23-cv-2334
                             Judge Sarah D. Morrison
                             Magistrate Judge Elizabeth P.
MCKESSON CORPORATION,      Deavers
*et al.*,                      :

        Defendants.

## ORDER

Plaintiff Rachel Robertson is an Ohio resident proceeding *in forma pauperis* and without assistance of counsel. Now before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (R&R, ECF No. 5; Objections, ECF No. 6) and her Motion to Amend the Complaint (ECF No. 7; Resp., ECF No. 8). Both matters are ripe for consideration.

For the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** and **AFFIRMED**, and Plaintiff's Motion to Amend is **DENIED**.

I.      **REPORT AND RECOMMENDATION**

Plaintiff sues several defendants, including her former employer McKesson Corp., alleging that she suffered religious discrimination for choosing not to get a COVID-19 vaccination and refusing to wear a mask at work. (Compl., ECF No. 3.) After performing an initial screen pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued a Report and Recommendation recommending that the

Court dismiss the Complaint for failure to state a claim upon which relief may be granted. (*Id.*) The Magistrate Judge construed the Complaint as bringing religious discrimination claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. The Magistrate Judge concluded that only one defendant (Carol Scott) could reasonably be considered a state actor subject to suit under § 1983. (R&R, at 6–8.) Even so, the Magistrate Judge found that there were no allegations of unconstitutional conduct by Ms. Scott and recommended dismissal of Plaintiff's § 1983 claim against all defendants. (*Id.* at 7.)

As for her other claim, the Magistrate Judge noted that employers are the only entities subject to Title VII liability. (*Id.* at 8.) The Magistrate Judge then examined whether Plaintiff sufficiently pleaded a Title VII claim against McKesson Corp. under a disparate treatment, a failure to promote, or a constructive discharge theory of liability. The Magistrate concluded that Plaintiff did not allege that she suffered an adverse action (as required for a disparate treatment claim), that she applied to a position for which she was qualified and was denied (as required for a failure to promote claim), or that McKesson Corp. deliberately created conditions that would be intolerable to a reasonable person (as required for a constructive discharge claim). (*Id.* at 11–14.) The Magistrate Judge also noted that it was "not clear" whether Plaintiff sufficiently alleged that her refusal to wear a mask was rooted in a sincerely held religious belief. (*Id.* at 12.) Thus, the Magistrate Judge recommended dismissing Plaintiff's Title VII claim.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no error in the Magistrate Judge's conclusions or reasoning. The objections provide no basis otherwise. Plaintiff repeats many facts laid out in the Complaint and argues that the Magistrate Judge made a "biased" determination about her sincerely held religious belief. (ECF No. 6, PAGIED # 73.) To be clear, the Magistrate Judge did not review, question, or consider whether Plaintiff is a religious person with sincere beliefs. In screening the Complaint, the Magistrate Judge examined only whether Plaintiff's factual allegations satisfied the minimum pleading standards for stating a religious discrimination claim. The Court agrees with the Magistrate Judge's determination that those standards were not met.

Accordingly, Plaintiff's objections are **OVERRULED**.

## II. MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the

3

determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny leave to amend as futile if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Plaintiff seeks leave to amend so that she may add a claim for judicial review of the Ohio Civil Rights Commission's "no probable cause" decision. (ECF No. 7, PAGEID # 103.) Section 4112.06 of the Ohio Revised Code states that:

> Any complainant, or respondent claiming to be aggrieved by a final order of the [OCRC], including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section.

Ohio Rev. Code § 4112(A). However, "[s]uch proceeding <u>shall</u> be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed. . .." *Id.* (emphasis added). Ohio Courts have interpreted § 4112.06 as vesting exclusive jurisdiction to review OCRC's final decisions within Ohio's courts of common pleas. *See, e.g.*, *David Ingram, D.C., Inc. v. Ohio C.R. Comm.*, 67 Ohio App. 3d 648, 651, 588 N.E.2d 162, 163 (1990). Thus, Plaintiff's proposed amendment seeking such a review by this Court would be dismissed for lack of subject matter

4

jurisdiction. *See Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 735–36 (N.D. Ohio 2014).

Accordingly, Plaintiff's Motion to Amend is **DENIED** as futile.

### III. CONCLUSION

For the reasons above, the Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 5.) For the reasons set forth therein, the Complaint is **DISMISSED** for failure to state a claim. In addition, Plaintiff's Motion to Amend is **DENIED.** (ECF No. 7.)

The Clerk is **DIRECTED** to **TERMINATE** this case on the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**